IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK D. SCHULTZ,** | : | **CIVIL NO. 3:10-CV-1046** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **SGT. BAPTIST, et al.,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Frank D. Schultz ("plaintiff" or "Schultz"), an inmate who, at all times relevant, was incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed this civil rights action on May 13, 2010. (Doc. 1.) The matter is currently proceeding *via* an amended complaint which was filed on October 6, 2010. (Doc. 16.) Presently ripe for disposition is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 40.) For the reasons set forth below, the motion will be granted.

I. **Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

Middle District of Pennsylvania Local Rules of Court provide that in addition to filing a brief in response to the moving party's brief in support, "[t]he papers opposing a motion for summary judgment shall included a separate, short and concise statement of material facts responding to the numbered paragraphs set forth in the statement [of material facts filed by the moving party] . . . , as to which it is contended that there exists a genuine issue to be tried." See M.D. Pa. LR 56. 1. The rule further states that the statement of material facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party. See id. On four separate occasions, plaintiff was directed to this local rule requirement and ordered to file a statement of material facts responding to defendants' statement. (Docs. 46, 51, 55, 59.) Because plaintiff has failed to file a separate statement of material facts controverting the statement filed by defendants, all material facts set forth in defendants' statement (Doc. 42) will be deemed admitted.

II. **Statement of Material Facts**

At all times material, plaintiff was an inmate incarcerated on B-block at SCI-Camp

Hill. (Doc. 42, ¶ 1.) Defendants Sgt. Baptist, former Superintendent Palakovich, and former Superintendent's Assistant Robert Volciak were employed by the Pennsylvania Department of Corrections ("DOC") and assigned to SCI-Camp Hill. (Id. at ¶ 2.)

Plaintiff alleges that following an argument he had with another inmate on the Tier of Block B on December 21, 2009, he was ordered to return to his cell. (Doc. 16, at 2-3.) Thereafter, Sgt. Baptist came in his cell and allegedly assaulted him. (Doc. 16, at 2, 3.)

On that same date, Sgt. Baptist issued misconduct B209347, to plaintiff, charging him with threatening an employee with bodily harm and using abusive, obscene, or inappropriate language to an employee. (Doc. 42, at ¶ 3.) At a hearing before a hearing examiner, Schultz pled guilty to the charge of using abusive, obscene, or inappropriate language, and pled not guilty to the charge of threatening an employee with bodily harm. (Id.) He received sixty days disciplinary custody time. (Id.)

The DOC's Policy DC-ADM 801 ("Inmate Discipline") provides for three levels of appeal from a finding of guilt by the Hearing Examiner: the Program Review Committee ("PRC"); the Superintendent; and the Office of Chief Hearing Examiner Hearings and Appeals. (Id. at ¶ 10.) The inmate may appeal the Hearing Examiner's Report within fifteen days to the PRC. (Id.) The second level of review is to the Facility Manager or Superintendent. (Id.) The final level of review is to the Office of Chief Hearing Examiner Hearings and Appeals. (Id.) A review of the DOC's records, revealed that misconduct B209347 was appealed to the PRC, but not to the Superintendent's level or to final review.

3

(Id. at ¶ 11.)

On January 17, 2010, Schultz filed a grievance, which was assigned number 304413, alleging that he was assaulted by Sgt. Baptist on December 21, 2009. (Doc. 42, at ¶¶ 4, 23.) The DOC's Inmate Handbook provides inmates with notice of the "Inmate Grievance System" at DC-ADM 804, and the requirements they must meet in grieving their issues through the system. (Id. at ¶¶ 13, 16.) Inmate grievances are processed by the Grievance Coordinator at the institution where the inmate is housed. (Id. at ¶ 14.) DC-ADM 804 also states that a grievance dealing with allegations of abuse shall be handled in accordance with DOC policy DC-ADM 001 ("Inmate Abuse Allegation Monitoring"), which requires investigation of the grievance by the Security Office. (Id. at ¶ 15.) If the inmate is dissatisfied with the response to his inmate grievance, he can appeal the matter to the Facility Manager or Superintendent within fifteen working days. (Id. at 14.) If the inmate is also dissatisfied with the Superintendent's decision, he may appeal that decision to final review with the Secretary's Office of Inmate Grievances and Appeals. (Id.)

In accordance with the above policies, plaintiff's grievance containing allegations of inmate abuse was referred by defendant Volciak to the Security Office at SCI-Camp Hill to be investigated by Lt. Carberry. (Id. at ¶ 24; Doc. 43, at 27, 52.) He concluded that the allegations could not be substantiated and the grievance was denied. (Doc. 42, at ¶ 24; Doc. 43, at 28, 53.) His findings and report were reviewed by the DOC's then Office of Professional Responsibility and approved. (Doc. 42, at ¶ 24.) Plaintiff unsuccessfully

appealed this determination to defendant Palakovich, the next level of review. (Id.; Doc. 43, at 55.) Schultz contends that he then appealed the grievance to the DOC's Central Office, but does not remember the date that he appealed it. (Doc. 42, at ¶ 4; Doc. 43, at 18.) There is no evidence of record that he appealed grievance 304413 to final review. (Doc. 42, at ¶¶ 23, 24.)

The DOC requires that a file be maintained for each inmate in its custody as a repository for various information including sentencing documents, correspondence, misconduct documents, grievance documents, classification information, and other records that are generated by DOC staff or received from outside sources for matters related to the inmates' incarceration. (Doc. 42, at ¶ 20.) This file is commonly referred to as a DC-15. (Id.) There is no evidence in his DC-15 that he appealed grievance 304413 to final review. (Id. at ¶ 24.)

III. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

However, under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291(3d Cir. 2000). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

According to the record before the court, Schultz failed to appeal his grievance to final review. In response, Schultz states in his opposition brief that he "placed [his] final appeal on his cell door while in the RHU addressed to Camp Hill and received no response. Plaintiff was transferred to State Correctional Institution at Albion, reported allegations again

with no response from Institution Albion." (Doc. 60, at 2-3.) However, he fails to come forward with any support for these assertions. The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. <u>Williams v. Borough of W. Chester</u>, 891 F.2d 458, 460 (3d Cir. 1989). Plaintiff has failed to controvert defendants' position that he failed to exhaust his administrative remedies. Consequently, defendants are entitled to an entry of summary judgment.

An appropriate order follows.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: March 8, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK D. SCHULTZ, | : | CIVIL NO. 3:10-CV-1046 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SGT. BAPTIST, et al., | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 8th day of March 2012, upon consideration of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 40), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendants' motion for summary judgment (Doc. 40) is GRANTED.

2. The Clerk of Court is directed to ENTER judgment in favor of defendants and against plaintiff.

3. The Clerk of Court is further directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court